Mr. James R. English Tallahassee City Attorney City Hall 300 So. Adams Street Tallahassee, Florida 32301-1731
Dear Mr. English:
As City Attorney for the City of Tallahassee, you have asked for my opinion on the following question:
May the City Commission of the City of Tallahassee adopt an ordinance amending the city charter to provide for a change in the date on which municipal elections will occur when implementation of such a change will lengthen the term of office of the incumbent city commissioners on a one-time basis.
In sum:
The City Commission of the City of Tallahassee may not amend its charter by ordinance to provide for a change in the date on which municipal elections will occur since such a change will affect "the terms of elected officers" and, pursuant to section166.021(4), Florida Statutes, must be the subject of approval by referendum.
The current Charter of the City of Tallahassee provides that "regular municipal elections shall be held on the fourth Tuesday in February of each year." The Charter of the City also provides that "Commissioners who shall be elected . . . for a full term shall hold office for four years beginning on the third day after their election as provided for under this act."
The City Commission of the City of Tallahassee has indicated an interest in moving the date of the municipal election to a later day in the year. However, you recognize that "[o]n a one time basis in order to implement the change to a later election date, it will be necessary to extend the terms of each incumbent commissioner to coincide with the beginning of the term after the amended election date."
Section 166.021(1), Florida Statutes, of the Municipal Home Rule Powers Act provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." To implement this broad grant of home rule power to municipalities, sections 166.021(4) and (5), Florida Statutes, modified, repealed, or converted into ordinances many provisions of municipal charters that constituted limitations on, or related exclusively to, the power or jurisdiction of municipalities. However, section 166.021(4), Florida Statutes, provides that nothing in chapter 166, Florida Statutes, is to be construed as permitting any changes in a special law or municipal charter that affect certain subject matters set forth therein, including "the terms of elected officers" without referendum approval as provided in section 166.031, Florida Statutes.
In a recent opinion this office considered whether a city commission could amend the city charter by ordinance with respect to the term of the deputy mayor when this officer was elected by the other members of the city commission. It was concluded in Attorney General Opinion 90-11 that there was no distinction between a general election by the voters and the election of one member of a governmental entity by his or her fellows to fill a vacancy. Thus, the opinion advised that such an amendment would have affected the term of office of an elected officer and fell within the scope of section 166.021(4), Florida Statutes; therefore, approval by referendum was required.
Similarly, in this case, the statute makes no distinction between a one-time change in terms of office which must take place to accomplish charter amendments changing the date for municipal elections and a charter amendment effecting a direct change in the terms of office for elected officers. By prohibiting any changes that would "affect . . . the terms of elected officers," the prohibition contained in s. 166.021(4), Florida Statutes, appears to extend beyond changes that would directly modify the terms of office for elected officers.
Therefore, it is my opinion that an amendment such as you propose would affect the terms of office of the incumbent city commissioners and would, pursuant to section 166.021(4), Florida Statutes, be subject to approval by referendum as provided in section 166.031, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk